UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTONIO DAMARCUS WOODSON,

      Plaintiff,

v.                                                        Case No.  3:17cv196/MCR/CJK

NURSE DARRICK, et al.,

      Defendants.

_____/

REPORT AND RECOMMENDATION

      Plaintiff Antonio Damarcus Woodson, DC #D90511, is a Florida inmate presently confined at Santa Rosa Correctional Institution.  Plaintiff initiated this case on March 23, 2017, by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), and a motion to proceed *in forma pauperis* (doc. 2).  Upon review of plaintiff's complaint and prior litigation history, the court concludes that this case should be dismissed under 28 U.S.C. § 1915(g), because plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee upon initiating this suit.

      Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

            In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or

> detained in any facility, brought an action or appeal in a court of the
> United States that was dismissed on the grounds that it is frivolous,
> malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

The court takes judicial notice of three prior federal civil actions or appeals filed by plaintiff, while incarcerated, that were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Woodson v. Johnson*, Case No. 3:16cv638-BJD-MCR, Doc. 3 (M.D. Fla. May 26, 2016) (dismissing, as frivolous, civil rights complaint filed by plaintiff while incarcerated), *appeal dismissed as frivolous*, No. 16-13370-A (11th Cir. Nov. 15, 2016); *Woodson v.*

*Carey*, Case No. 3:16cv469-TJC-JBT, Doc. 5 (M.D. Fla. Sept. 29, 2016) (dismissing, for failure to state a claim, civil rights complaint filed by plaintiff while incarcerated), *appeal filed*, No. 16-16744 (11th Cir.); *Woodson v. Whitehead*, Case No. 3:16cv470-HES-JRK, Doc. 4 (M.D. Fla. May 4, 2016) (dismissing, as frivolous, civil rights complaint filed by plaintiff while incarcerated), *affirmed*, No. 16-13278, — F. App'x —, 2016 WL 7367780 (11th Cir. Dec. 20, 2016).  Plaintiff's status as a three-striker is recognized by the Middle District.  *See Woodson v. Burnsed*, No. 3:17cv255-TJC-MCR, Doc. 5 (M.D. Fla. Mar. 13, 2017) (dismissing, under three strikes provision of 28 U.S.C. § 1915(g), civil rights complaint filed by plaintiff while incarcerated).  The foregoing cases may be positively identified as having been filed by plaintiff because they bear his name and Florida Department of Corrections' inmate number "D90511", and because plaintiff acknowledges them in his complaint.  (Doc. 1, p. 3).

As plaintiff has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g); *Brown, supra*.  In determining whether a prisoner satisfies the imminent danger exception, the court looks to the prisoner's complaint as a whole, construing it liberally and accepting its allegations as true.  *Owens v. Schwartz*, 519 F. App'x 992, 994 (11th Cir. 2013) (*citing Brown*, 387 F.3d at 1350).

General allegations not grounded in specific facts indicating that serious physical injury is imminent are insufficient to invoke the exception to § 1915(g). *Brown*, 387 F.3d at 1350 (*citing Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.* The imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). A prisoner's claim that he faced a past imminent danger is insufficient to allow him to proceed under the imminent danger exception. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the exception was not triggered where the alleged threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing his complaint).

Construing the complaint as a whole, plaintiff's allegations do not qualify him for § 1915(g)'s imminent danger exception. Plaintiff alleges that over three months ago, on December 19, 2016, he requested triamcinolone acetonide ointment to treat his eczema, but was denied because he had been caught with two extra tubes of the ointment in his cell (which were confiscated) and still possessed one tube. Plaintiff also complains that his grievances concerning the denial of ointment were not

properly investigated.  These allegations do not trigger the imminent danger exception.  Because plaintiff did not pay the filing fee at the time he initiated this action, and because it plainly appears he is not entitled to proceed *in forma pauperis*, this case should be dismissed under § 1915(g).

Accordingly, it is respectfully RECOMMENDED:

1.  That plaintiff's motion to proceed *in forma pauperis* (doc. 2) be DENIED and this action DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 4th day of April, 2017.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.